IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN BERNARD, | : | |
| | : | Civil Action No. 1:09-cv-02097 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| COMCAST COMPREHENSIVE | : | |
| HEALTH AND WELFARE BENEFITS | : | |
| PLAN; COMCAST CORPORATION; | : | |
| and LIBERTY LIFE ASSURANCE | : | |
| COMPANY OF BOSTON | : | |
| INTERNATIONAL, INC., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the Court is Defendants Comcast Comprehensive Health and Welfare Benefits Plan, Comcast Corporation and Liberty Life Assurance Company of Boston International, Inc.'s ("Defendants") motion for summary judgment. (Doc. No. 18.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court will treat Defendants' motion for summary judgment as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and will dismiss Plaintiff's claims.

I.   BACKGROUND

Plaintiff Lauren Bernard is employed by Comcast Corporation ("Comcast") as a full-time cashier. (Doc. No. 1 ¶ 7.) Plaintiff has been employed by Comcast at its Harrisburg facility since June 1, 2002. (Doc. No. 20 ¶ 9.) She is as a member of the IBEW Local 1600, a bargaining unit that includes clerical and data processing employees at Comcast's Harrisburg facility. (Id. ¶ 16.) Comcast and IBEW Local 1600 are parties to a collective bargaining

1

agreement. (Id.) The collective bargaining agreement provides that IBEW Local 1600 members who are employed by Comcast "shall be paid for personal absences due to illness or accident pursuant to the company's short term and long term disability policies." (Id. ¶ 17.) Eligible employees are paid a portion of their salaries for up to 26 weeks. (Id. ¶ 18.)

On January 14, 2008, Plaintiff left work complaining of severe headaches. (Doc. No. 1 ¶ 8.) Plaintiff was pregnant and unable to take medication to treat the headaches. (Id.) On January 14, 2008, Plaintiff filed a claim for Short Term Disability ("STD") benefits coverage through Liberty Life Assurance Company of Boston International, Inc. ("Liberty"). (Id. ¶ 9; Doc. No. 20 ¶ 11.) Liberty administers Comcast's STD plan. (Doc. No. 20 ¶ 3.) On March 7, 2008, Liberty sent Plaintiff a letter denying her claim for STD benefits. (Doc. No. 1 ¶ 9.) Plaintiff then filed an appeal, which was received by Liberty on March 27, 2008. (Id. ¶ 10.) Plaintiff received a letter on May 13, 2008, in which Liberty denied Plaintiff's appeal. (Id.. ¶ 12.)

In accordance with the collective bargaining agreement, Plaintiff filed a grievance that challenged Liberty's denial of STD benefits. (Id. ¶ 19.) Plaintiff's grievance was processed and an arbitration was held on February 26, 2009. (Id. ¶¶ 20-21.) On June 11, 2009, the arbitrator denied Plaintiff's grievance. (Doc. No. 20 ¶ 22.) On October 28, 2009, Plaintiff filed the complaint for the current action. (Doc. No. 1.) Defendants filed an answer with accompanying affirmative defenses on January 15, 2010. (Doc. No. 9.) On April 30, 2010, Defendants filed a motion for summary judgment, a brief in support, and a statement of material facts with accompanying affidavits. (Doc. Nos. 18, 19, 20.) On June 15, 2010, Plaintiff filed an answer to Defendants' statement of facts and a brief in opposition to Defendants' motion with an

2

accompanying affidavit. (Doc. Nos. 26, 27, 28.) Defendants filed a reply brief on June 28, 2010. (Doc. No. 19.)

## II.     STANDARD OF REVIEW

While Defendants bring their subject matter jurisdiction objection by way of a motion for summary judgment under Federal Rule of Civil Procedure 56, the motion may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 2008). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the power of a federal court to hear a claim or case. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In the face of a 12(b)(1) motion, the plaintiff will have the burden of proof that jurisdiction does in fact exist. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).

Motions under 12(b)(1) may take one of two forms. A "facial" attack assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action within the court's jurisdiction. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rending the controversy outside of the court's jurisdiction. Mortensen, 549 F.2d at 891. When considering a factual Rule 12(b)(1) motion, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. Additionally, "no presumptive truthfulness attaches to plaintiff's

3

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. In considering a factual attack under Rule 12(b)(1), a court has discretion to allow affidavits, documents, and even limited evidentiary hearings. Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).

## III. DISCUSSION

Plaintiff brings the current action pursuant to 29 U.S.C. §§ 1132(a)(1) and (a)(3), the civil enforcement provisions of the Employee Retirement Income Security Act ("ERISA"), "to redress her wrongful denial of disability benefits recoverable under the terms and provisions of the Comcast Comprehensive Health and Welfare Plan ("Comcast Plan")." (Doc. No. 1 ¶ 1.) Defendants assert that because "Comcast's STD Plan is a 'payroll practice' exempt from ERISA, Plaintiff's Complaint must be dismissed for lack of federal court jurisdiction." (Doc. No.19 at 5.) The Third Circuit has stated that "[f]ederal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

### A. ERISA

Congress passed ERISA with the intention of safeguarding employees against the potential abuse and mismanagement of funds that had been accumulated to finance various types of employee benefits. Schwartz v. Liberty Life Assur. Co. of Bos., 470 F. Supp. 2d 511, 515 (E.D. Pa. 2007) (citing Massachusetts v. Morash, 490 U.S. 107, 112-13 (1989)). Pursuant to §

1132(e),[1] federal courts have jurisdiction over enforcement actions brought under the provisions of ERISA. However, this jurisdictional grant is prefaced on the fact that the plan under which the rights are being asserted is a plan governed by ERISA. ERISA governs "employee welfare benefit plans," which are defined as any program that provides "benefits in the event of sickness, accident, disability, death or unemployment" to employees or to their beneficiaries. 29 U.S.C. § 1002(1). While "ERISA broadly regulates employee welfare benefit plans to include those plans that provide short term disability benefits," there are several exceptions. Schwartz, 470 F. Supp. 2d at 515. One exception can be found at 29 CFR § 2510.3-1(b)(2), which states:

> The terms "employee welfare benefit plan" and "welfare plan" shall not include . . . payment of an employee's normal compensation out of the general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment).

29 CFR § 2510.3-1(b)(2)

The regulatory language specifically states that when the employer pays the employees with their normal compensation out of general assets during the time they are unable to work, it is considered a "payroll practice" and not an "employee welfare benefit plan" or a "welfare plan" under ERISA. Courts have interpreted plans paid for by general assets of the employer rather

---

[1] Section 1132(e) states:

> (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

than from a trust fund, insurance fund, or some other third party source, as being excluded from ERISA governance. See Schwartz, 470 F. Supp. 2d at 515. Therefore, a plan considered to be a "payroll practice" is not regulated by ERISA.

It has been stated that "[a] welfare benefit plan's source of funding is the leading indicator . . . to determine whether said plan is subject to governance pursuant to ERISA." Schwartz, 470 F. Supp. 2d at 516. According to Defendants, Comcast makes STD benefit payments to eligible, approved employees out of its general assets. (Doc. No. 20 ¶ 4.) Defendants further assert that Comcast pays a portion of the employee's normal compensation as STD benefits. (Id. ¶ 18.) In response, Plaintiff argues that the "the provision of the collective bargaining agreement that institutes the plan provides: 'The Employer shall pay the premiums for both short and long term disability coverage.'" (Doc. No. 26 ¶ 4.) Plaintiff goes on to aver that "[the collective bargaining agreement] does not provide for payments made pursuant to the plan to be paid out of general funds." (Id.) However, Plaintiff does not provide any support in the record, in the face of the affidavit of Andrew Rosa,[2] to dispute the fact that Comcast pays STD benefits out of its general assets. Because Plaintiff has failed to demonstrate that the source of STD benefits is one other than Comcast's general assets, Comcast's STD plan is deemed a payroll practice which is exempt from inclusion under ERISA as per 29 CFR § 2510.3-1(b)(2). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims.

**B.   Estoppel**

---

[2] Andrew Rosa is the Senior Director of Health and Welfare Benefits for Comcast. (Doc. No. 20-1, Ex. A ¶ 1.) In his affidavit, Rosa states that "[f]rom at least 2007 through the present, Comcast makes payments to those employees eligible and approved for STD benefits out of Comcast's general assets." (Id. at ¶ 6.)

Plaintiff argues that Comcast should be estopped from asserting that federal courts lack subject matter jurisdiction over the current action. (Doc. No. 27 at 11.) According to Plaintiff, because her grievance was taken to arbitration and the arbitrator rendered a decision on the merits of her grievance, Defendants should not now be allowed to assert that this Court lacks subject matter jurisdiction. Defendants acknowledge that their assertions during the pendency of the arbitration that the case was to be governed by ERISA and thus litigated in federal court were mistaken. (Doc. No. 19 at 12.) However, "[n]o action of the parties can confer subject-matter jurisdiction upon a court." Morel v. INS, 144 F.3d 248, 251 n.3 (3d Cir. 1998). The Supreme Court has stated that "principles of estoppel do not apply" to questions of subject matter jurisdiction. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1983). Therefore, because the Court has determined that it lacks subject matter jurisdiction over Plaintiff's claims, the actions of Defendants cannot confer subject matter jurisdiction on the Court.

    **C.**    **Labor Management Relations Act**

Plaintiff argues in the alternative that this Court has jurisdiction over the current action under the Labor Management Relations Act, 29 U.S.C. § 141 et seq., based on an alleged violation of the collective bargaining agreement between Comcast and the IBEW Local 1600. (Doc. No. 27 at 13.) This alternative theory was raised for the first time in Plaintiff's brief in opposition to Defendants' motion for summary judgment. Plaintiff has neither sought to amend the complaint to add a new basis for relief nor has there been a motion made to join the IBEW Local 1600 as a party. Therefore, this Court will not address the merits of Plaintiff's alternative theory. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A

7

plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

IV.     **CONCLUSION**

Plaintiff has failed to substantiate her claims that Comcast's STD plan is not a payroll practice exempt from ERISA coverage. Therefore, the Court lacks subject matter jurisdiction over the current action because the plan falls outside the scope of ERISA. Additionally, subject matter jurisdiction cannot be conferred on the Court by any actions by the parties. Accordingly, Plaintiff's claims must be dismissed. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN BERNARD,** | : | |
| | : | Civil Action No. 1:09-cv-02097 |
| **Plaintiff** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **COMCAST COMPREHENSIVE** | : | |
| **HEALTH AND WELFARE BENEFITS** | : | |
| **PLAN; COMCAST CORPORATION;** | : | |
| **and LIBERTY LIFE ASSURANCE** | : | |
| **COMPANY OF BOSTON** | : | |
| **INTERNATIONAL, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 6th day of December 2010, upon consideration of Defendants' motion for summary judgment (Doc. No. 18.), which the Court has construed as a motion to dismiss pursuant to Rule 12(b)(1), it is **HEREBY ORDERED THAT:**

1. Defendant's motion (Doc. No. 18) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court is directed to close this case.

                                                          S/ Yvette Kane
                                                          Yvette Kane, Chief Judge
                                                          United States District Court
                                                          Middle District of Pennsylvania